**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 20-17324 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00047-DWL |
| v. | |
| JAMES D. NOLAND, Jr., individually and as an officer of Success by Media Holdings Inc. and Success by Media LLC, AKA Jay Noland AKA JD Noland; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| SUCCESS BY MEDIA HOLDINGS INCORPORATED, DBA Success By Health, DBA Success By Media; et al., | |
| Defendants, | |
| ------------------------------ | |
| KIMBERLY FRIDAY, | |
| Receiver-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,[***] District Judge.

Defendants-Appellants appeal the district court's order denying their motion to allow representation and the order denying their motion to dissolve or modify the preliminary injunction. We dismiss as untimely the challenge to the denial of the motion to allow representation. We have jurisdiction under 28 U.S.C. § 1292(a)(1) over the challenge to the denial of the motion to dissolve or modify the preliminary injunction, and we affirm.

The order denying the motion to allow representation was entered on July 29, 2020, and the notice of appeal was filed on November 27, 2020. Even assuming, *arguendo*, that the order on representation is an appealable collateral order, the appeal of that order was untimely. Fed. R. App. P. 4(a)(1)(B); *see SEC v. Cap. Consultants LLC*, 453 F.3d 1166, 1173 (9th Cir. 2006) (per curiam) ("[T]he time for appeal of an appealable collateral order begins to run on the date the court enters the order."). We therefore dismiss the appeal as to that order. *See Bowles v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

*Russell*, 551 U.S. 205, 209 (2007) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted)).

Although Defendants-Appellants challenge the propriety of the preliminary injunction, "we do not consider the propriety of the underlying order." *Sharp v. Weston*, 233 F.3d 1166, 1169–70 (9th Cir. 2000). Rather, the question we have jurisdiction to address is whether the district court abused its discretion in denying the motion to modify or dissolve the preliminary injunction. *See Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (per curiam). Defendants-Appellants "bear[] the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp*, 233 F.3d at 1170. Despite the absence of any ruling from the Supreme Court at the time this appeal was filed, Defendants-Appellants argue that the Court's grant of the petition for writ of certiorari in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 194 (2020), constituted a significant change in the law. The district court correctly concluded to the contrary, and we affirm its denial of the motion to dissolve or modify the preliminary injunction. We leave it to the district court in the first instance to consider whether and to what extent the *decision* in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), bears on the preliminary injunction.

**DISMISSED IN PART and AFFIRMED IN PART.**